IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 15-10035-JTM

JOHN R. HANNAH,

        Defendant.

### MEMORANDUM AND ORDER

Defendant John R. Hannah is charged with five counts of possession of a firearm or ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before the court is defendant's motion to dismiss the Indictment for failure to state an offense, pursuant to FED. R. CRIM. P. 12(b)(3)(B)(v). (Dkt. 14). Defendant argues that his previous convictions are not predicate offenses to § 922(g)(1) because his right to possess firearms was restored under Kansas law. As discussed below, defendant's motion is denied.

### I. Background

On May 4, 1993, defendant pled guilty to discharging a firearm in an occupied dwelling. (Dkt. 17-1, at 8). Defendant received a suspended sentence. The suspended sentence was later revoked, and defendant was sentenced to 1-5 years' custody with the Kansas Department of Corrections. He was released from custody

on May 26, 1999. His sentence expired on August 4, 2000, and he received a Certificate of Post Release Supervision Discharge on August 16, 2000. (Dkt. 17-3).

The government alleges that on August 26, 2013, defendant possessed two firearms, .45 caliber ammunition, and .40 caliber ammunition, all in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1).

## II. Analysis

It is unlawful for any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm in or affecting commerce. 18 U.S.C. §922(g)(1).

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. [1]

18 U.S.C. § 921(a)(20). Thus, a state-law conviction is not a predicate offense to § 922(g)(1) if the defendant's right to possess a firearm is restored by the state at the time that his other civil rights are restored. *United States v. Norman*, 129 F.3d 1393, 1397-98 (10th Cir. 1997).[2] A conviction remains a predicate offense for §

---

[1] The court notes that defendant's discharge certificate states that the restoration of defendant's civil rights "shall not include the right to own, possess, or use a firearm or other weapon as prohibited K.S.A. 21-4202 or K.S.A. 1993 and amendments thereto . . . ." (Dkt. 17-3). The court reads the discharge certificate as clarifying that defendant remains prohibited from possessing firearms only if the referenced Kansas law prohibits such possession. The document itself does not specify that defendant cannot possess firearms.

[2] The *Norman* court noted that a subsequent change in state law cannot affect the defendant's restoration of rights. 129 F.3d at 1397. If a defendant's right to possess firearms was fully restored at the time that his other civil rights were restored, then his offense is not a predicate to § 922(g)(1).

922(g)(1) if the restoration of civil rights expressly provides that the person may not possess firearms. *Id.*; 18 U.S.C. § 921(a)(20).

Here, defendant's "other" civil rights were restored on August 16, 2000, when Kansas issued his Certificate of Post Release Discharge. (Dkt. 14-3). Accordingly, whether defendant's rights had been restored is determined by Kansas law on August 16, 2000, or by the discharge document itself if it specifies that defendant's rights were not restored. The discharge document does not specify that defendant cannot possess firearms; it states that he cannot possess firearms if he is so prohibited under Kansas law. Therefore, the court looks to Kansas law.

K.S.A. § 21-4204 governed a felon's right to possess firearms on August 16, 2000. That statute has since been renamed K.S.A. §21-6304, but its text remains the same. Thus, the language of § 21-6304 governs the question at hand.

### A. Defendant's right to possess a firearm was not restored by Kansas law.

Under K.S.A. § 21-6304, an individuals' right to possess firearms cannot be restored if he committed a "person" felony.[3] Section 21-6304 states, in relevant part:

> (a) criminal possession of a weapon by a convicted felon is possession of any weapon by a person who: (1) Has been convicted of a person felony . . . or a crime under a law of another jurisdiction which is substantially the same as such felony or violation . . . and was found to have been in possession of a firearm at the time of the commission of the crime.

K.S.A. § 21-6304(a). The statute was enacted on July 1, 1993, pursuant to the Kansas Sentencing Guidelines Act ("KSGA") as K.S.A. § 21-4204. Before the KSGA, felonies were not classified as "person" or "nonperson." Defendant argues that his

---

[3] Conversely, the right to possess a firearm is restored following a "nonperson" felony conviction after either five or ten years, depending on the underlying nonperson felony. K.S.A. § 21-6304(a)(2)-(3).

1993 offense cannot be categorized as a "person" felony because such felonies did not exist when he was convicted under the pre-KSGA law.

The Kansas Supreme Court has not interpreted § 21-6304 to determine whether a felony conviction secured before July 1, 1993, should be classified as person or nonperson for purposes of a felon's right to possess firearms. "[W]here no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Wankier v. Crown Equip. Corp.*, 353 F.3d 962, 866 (10th Cir. 2003). If the Kansas Supreme Court has not interpreted a Kansas statute, "the federal court must predict how the court would interpret the code in light of state appellate court opinions, decisions from other jurisdictions, statutes, and treatises." *United States v. DeGasso*, 369 F.3d 1139, 1145 (10th Cir. 2004) (internal quotations omitted).

The Kansas Supreme Court recently addressed a similar question of classifying pre-KSGA felonies in the context of sentencing. It held that pre-KSGA offenses shall be compared to their post-KSGA analog "for purposes of classifying a pre-KSGA conviction or adjudication [as person or nonperson] for criminal history purposes . . . ." *State v. Keel*, No. 106096, 2015 WL 5081212, at *15 (Kan. Aug. 28, 2015). The *Keel* Court noted that the KSGA addresses out-of-state convictions for sentencing purposes, requiring that such convictions be classified as felony or misdemeanor by the convicting jurisdiction, but that "[t]he state of Kansas shall classify the crime as person or nonperson." *Id.* (quoting K.S.A. §21-4711(e).

4

Similarly, § 21-6304 is clear that its weapons possession prohibition applies to out-of-state convictions that are analogous to a Kansas "person" felony: "criminal possession . . . is possession of any weapons by a person who: (1) Has been convicted of a person felony . . . *or a crime under a law of another jurisdiction which is the same as such felony or violation . . . .*" K.S.A. § 21-6304(a) (emphasis added). As under the sentencing analysis in *Keel*, the statute's treatment of convictions from other jurisdictions indicates that the substance of a prior conviction is more important than the terminology or nomenclature describing the conviction.

In light of the Kansas Supreme Court's decision in *Keel* and the language of the statute itself, the court finds that § 21-6304 does not restore the right to possess firearms following a conviction that would qualify as a person felony under the KSGA.

A "person" felony is a crime that "inflicted or could inflict physical or emotional harm to another." *Keel*, 2015 WL 5081212, at *11; *accord State v. Waggoner*, 343 P.3d 530, 537 (Kan. App. Ct. 2015). Here, defendant was convicted of discharging a firearm in an occupied dwelling. (Dkts. 17-1, at 1; 17-2, at 2). The discharge of a firearm in an occupied building could inflict physical or emotional harm on whoever occupied the building at the time of the discharge. Defendant's pre-KSGA offense is therefore analogous to a "person" felony and should be treated as such. Accordingly, defendant's right to possess a firearm was not restored by K.S.A. § 21-6304 – then known as § 21-4204 – when his other civil rights were

restored on August 26, 2000. Therefore, defendant's prior conviction for discharging a firearm in an occupied dwelling is a predicate offense to 18 U.S.C. § 922(g)(1).

IT IS ACCORDINGLY ORDERED this 24th day of September, 2015, that defendant's Motion to Dismiss Indictment (Dkt. 14) is DENIED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
